**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

SEP 09 2016

JAMES W. McCORMACK, CLERK

By:_____
DEP CLERK

**GUSSIE RAINEY**                                                        **PLAINTIFF**

v.                                              Case No.  5: 16 - cv - 282 - JM

**ADVANCED CALL CENTER
TECHNOLOGIES, LLC**                                          **DEFENDANT**

---

## VERIFIED COMPLAINT

---

Plaintiff Gussie Rainey ("Ms. Rainey") sues Defendant Advanced Call

Center Technologies, LLC's ("Advanced Call Center") for violations of the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Arkansas

Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501, *et seq.*,

and the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-

101, *et seq.,* all of which prohibit debt collectors from engaging in abusive, deceptive,

and unfair practices. Ms. Rainey also brings common law claims for the invasions of

her personal privacy by Advanced Call Center and their illegal efforts to collect a

consumer debt from her.

This case assigned to District Judge __Moody__
and to Magistrate Judge __Harris__

## PARTIES, JURISDICTION & VENUE

1.      Plaintiff is an individual who resides in the Eastern District of Arkansas.

She is a "consumer" under 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2)

and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

2.      Defendant Advanced Call Center Technologies, LLC, is Georgia

Limited Liability Company, a "debt collector" under 15 U.S.C. 1692a(6) and Ark.

Code Ann. § 17-24-502(5)(A), a "collection agency" under Ark. Code Ann. § 17-24-

101, and a "person" as defined by Ark. Code Ann. § 4-88-102(5). Advanced Call

Center is licensed with the Arkansas State Board of Collection Agencies, and can be

served with process through its registered agent: The Corporation Company, 124

West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

3.      This Court has jurisdiction under 28 U.S.C. § 1331,

15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367.

4.      Venue is proper in this District and Division because the acts and

transactions occurred here, Plaintiff resides in this Division, and Defendant transacts

business here.

## FACTS

5.      Ms. Rainey had a credit card with JCPenney. This credit card was for

personal, family or household purposes and not for business purposes.

6.      Ms. Rainey's credit card was subject to unauthorized charges for life and accident insurance. Her billing statements from JCPenney included a monthly $15.95 charge for a "Stonebridge Insurance Accident Policy," and a $7.95 charge for a "Stonebridge Insurance Life Policy." Ms. Rainey's husband disputed these charges with JCPenney and Stonebridge Insurance, but they continued to appear on her account.

7.      In 2015, Ms. Rainey's credit card went into collection.

8.      On or about September 12, 2015, Ms. Rainey received a letter from Advanced Call Center Technologies, LLC, stating her account balance with JCPenney was $2,164.00. *See* Exhibit No. 1. This balance included the unauthorized Stonebridge Insurance charges.

9.      Several consumers have complained on the website www.consumeraffairs.com about similar unauthorized Stonebridge Insurance charges on their JCPenney accounts:

     a.    "Charging my JCP account with this life ins. without my consent. I called the 800 number for Penney's and told them did not order this insurance so they took some of this off and I told them they needed to remove it all and they said they could not. I have a Penney's for many years and I have always paid them off, till I received this bill that was charged every month. This is not my bill and I never ordered this." Joy of Upper Lake CA on Feb. 19, 2014.

b.  "I have tried on several occasions to cancel my policy (unemployment) that I had with your company. However, you are still charging it to my JCPenney account." Barbara of New Orleans, LA on March 27, 2012.

c.  "Insurance that I did not request, 7.95 shows up on my credit report as dilquent (sic), reducing my credit rating. This must be some kind of scam." William of Charlestown, WV on Dec. 5, 2008.

## STANDING

10.  Ms. Rainey has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendant described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Furthermore, Ms. Rainey's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Arkansas's Legislature recognized the harm of debt collectors conducting toward Arkansas citizens. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumers' right to privacy and provides redress for violation of those privacy rights, including the right to be left alone from unlicensed collection efforts. The ADTPA recognizes the risk of harm to persons subject to unconscionable, false, or deceptive acts or practices in business, commerce, or trade.

## COUNT I—FDCPA

11.   Ms. Rainey incorporates all preceding paragraphs.

12.   Defendant violated the FDCPA by sending Ms. Rainey the September 12, 2015 letter and including the unauthorized charges in the account balance, in violation of §§ 1692e(2)(A), 1692f(1), and 1692d of the FDCPA.

13.   Ms. Rainey has a heart condition. Defendant's conduct has caused her anxiety, stress, worry and shame.

14.   Because of the above violations of the FDCPA, Defendant is liable to Ms. Rainey for declaratory judgment that Defendant's conduct violated the FDCPA, her actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

## COUNT II-AFDCPA

15.   Ms. Rainey re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

16.   Defendant violated the AFDCPA. Defendant's violations include, but are not limited to, the following provisions:

      a.    Defendant violated Ark. Code Ann. § 17-24-505(a) by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

b.   Defendant violated Ark. Code Ann. § 17-24-506(b)(2)(A) by misrepresenting the character, amount, or legal status of the alleged debt;

c.   Defendant violated Ark. Code Ann. § 17-24-506(b)(10) by using false representation or deceptive means to collect a debt;

d.   Defendant violated Ark. Code Ann. § 17-24-507(a) by engaging in unfair or unconscionable means to collect or attempt to collect a debt; and

e.   Defendant violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

17.   Because of the above violations of the FDCPA, Defendant is liable to Ms. Rainey for declaratory judgment that Defendant's conduct violated the AFDCPA, Ms. Rainey's actual damages under Ark. Code Ann. § 17-24-512(a)(1), statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

## COUNT III-ADTPA

18.   Ms. Rainey re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

19.   The ADTPA is designed to protect citizens of Arkansas from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is construed broadly.

20.   Defendant's conduct was willful and wanton.

21.   Ms. Rainey suffered actual damages, including emotional distress and mental anguish of the violations of the ADTPA and may recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

## COUNT IV–INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22.   Ms. Rainey re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

23.   Congress explicitly recognized a consumer's inherent right to privacy in collection in passing the FDCPA:

> There is an abundance of evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.[1]

24.   Defendant intentionally and negligently intruded physically or otherwise upon Ms. Rainey's solitude or seclusion and believed or was substantially certain that they lacked the necessary legal authority or personal permission, invitation, or valid consent to commit their intrusive acts.

---

[1]   15 U.S.C. § 1692(a).

25.    Defendant's intrusion was of a kind that would be highly offensive to a reasonable person, as a result of conduct to which a reasonable person would strongly object.

26.    Ms. Rainey conducted herself in a manner consistent with an actual expectation of privacy.

27.    Defendant's intrusion proximately caused Ms. Rainey's actual damages.

## JURY DEMAND

28.    Plaintiff demands a jury trial.

**WHEREFORE,** the Court should enter judgment in favor of Plaintiff and against Defendant for:

A.    Statutory damages;

B.    Actual damages;

C.    Attorney's fees, litigation expenses and costs of suit;

D.    Such other and further relief as the Court deems proper.

Date: September 8, 2016                    Respectfully submitted,

Will Crowder (Ark. Bar No. 2003138)
Corey D. McGaha (Ark. Bar No. 2003047)
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax:   (501) 367-8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Gussie Rainey, having first been duly sworn, depose and say as follows:

1.      I am the Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.      I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.

7.      I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


_Gussie Rainey_
Gussie Rainey

State of Arkansas       )
                        )
County of Pulaski       )

Acknowledged before me, this _8th_ day of _Sept_ , _2016_ .

_Laurie Perry_
Signature of Notary Public

[Seal of Office]

My commission expires: _3-03-2019_

```
        LAURIE PERRY
        PULASKI COUNTY
    NOTARY PUBLIC - ARKANSAS
My Commission Expires March 03, 2019
    Commission No. 12370174
```

Page 10 of 10

# EXHIBIT NO. 1 to PLAINTIFF's VERIFIED COMPLAINT

**Letter from Advanced Call Center Technologies, LLC to Gussie Rainey
(September 12, 2015)**

Gussie Rainey v. Advanced Call Center Technologies, LLC
U.S. District Court, Eastern District of Arkansas, Pine Bluff Division

## ADVANCED CALL CENTER TECHNOLOGIES, LLC

PO Box 9091
Gray, TN 37615-9091
877-597-1385
TTY#: 844-252-5490

ACCOUNT #: ENDING IN 0707
ACCOUNT BALANCE: $2,164.00
AMOUNT CURRENTLY DUE: $354.00

STATEMENT DATE: September 12, 2015

RE: JCPenney Credit Card Account

### FIRST NOTICE

Dear Gussie M Rainey:

This account has been listed with our office for collection.

This notice has been sent by a collection agency. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

If the Amount Currently Due is paid to Synchrony Bank and your account is brought up to date, we will stop our collection activity. All payments should be made directly to Synchrony Bank using the enclosed envelope. Do not send payments to this office.

If circumstances are preventing you from paying the Amount Currently Due referenced above, please call our office today at 877-597-1385 so that we may assist you in resolving this matter. Our office hours are Monday – Friday 8:00 AM – 10:00 PM, Saturdays 8:00 AM – 4:00 PM and Sundays 1:00 PM – 10:00 PM, all times represented in Eastern Times Zone (EST).

Synchrony Bank may continue to add interest and fees as provided in your agreement.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,
Advanced Call Center Technologies, LLC
877-597-1385
TTY#: 844-252-5490

---

*PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT*   011

---

PO Box 9091
Gray, TN 37615-9091

STATEMENT DATE: 09/12/15
URL: www.jcp.com/credit
ACCOUNT #: ENDING IN 0707
ACCOUNT BALANCE: $2,164.00
AMOUNT CURRENTLY DUE: $354.00

Gussie M Rainey
PO Box 235
Gould, AR 71643-0235

Synchrony Bank/JCPenney Credit Services
PO Box 960090
Orlando, FL 32896-0090

ADCT / 011 / 85444670   336017688274

1 / 0001128 / 0007   1 of 1